IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07 CR 69-8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| KATHY STEPHEN, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

THIS CAUSE came on to be heard before the undersigned, pursuant to a motion filed by defendant's counsel, alleging that the defendant was suffering from a physical condition which either could not or had not been treated at the detention facility and requesting that the defendant be released on terms and conditions of pretrial release so that she could receive treatment for this condition and based upon the proffer of the defendant, the proffer of the government and the evidence offered in this matter, the court makes the following findings:

**Findings**.   On August 2, 2007, there was filed a bill of indictment charging the defendant with conspiracy to operate an illegal gambling business, operation of an illegal gambling business, conspiracy to obstruct justice, perjury and conspiracy to commit money laundering. August 3, 2007, the undersigned conducted a detention hearing, pursuant to 18 U.S.C. § 1342. After hearing the evidence of the government and the evidence of the defendant, the undersigned entered an oral order of detention at which time the undersigned entered findings of fact and conclusions of law in regard to the detention of the defendant. On August 6, 2007, the undersigned entered a written order detaining the defendant.

The defendant has presented evidence in which she contends that she has serious

circulation problems in her feet and ankles. The defendant, for the past six years, has been using a machine in which she places her feet and ankles which stimulates her circulation. The machine was bought by her when she was a resident of Florida. She uses the machine two or three times per week and wears support hose during other times. The defendant has brought the machine to court and the court has briefly examined the machine. The defendant contends that she has asked the detention facility where she is confined, that being the Caldwell County detention facility, for treatment for her circulation problems by a physician and in response the detention facility has failed and refused to provide her with medical treatment. The undersigned examined the feet and ankles of the defendant. The undersigned found that there were numerous black and dark splotches that were located over her right foot and which were leading up toward her right knee. The defendant advised the court that the same condition had started in her left foot. All of these conditions began since she had been detained. A proffer was made that the defendant had sought treatment for her condition about six years ago from a doctor in Ft. Myers, Florida. The defendant has not been treated by any physician in the state of North Carolina, but desires to immediately go and seek treatment for the condition.

In response, the government advised that the government did not object to the release of the defendant based upon the presentation that had been made concerning her medical problems which appeared to the undersigned to be a problem with blood clots in her ankles and legs.

2

Case 1:07-cr-00069-TSE    Document 104    Filed 08/20/07    Page 2 of 4

**Discussion.** 18 U.S.C. § 3142(f)(2) provides in regard to a detention hearing that:

**(2)** The hearing may be reopened, before of after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The undersigned has considered that the defendant's motion is directed at the above reference provision of 18 U.S.C. § 3142. The evidence presented shows that there was a medical condition of the defendant that was unknown to defendant's counsel or to this court at the time of the previous detention hearing on August 3, 2007. The court has examined the ankles and feet of the defendant and finds from the court's own experience that there appears to be a circulatory or blood clotting problem that is readily apparent from an examination of the defendant's lower extremities. Blood clotting and persons of the age of the defendant, that being age 56, can lead to serious health problems and even stroke or death. As a result of the failure of the detention facility to treat this problem it has progressed to the point where this court must take into account, not only the safety of any other person or the community that would be posed by the release of the defendant, but also the health and safety of the defendant. After considering this matter, the undersigned has determined to enter an order allowing the defendant to be placed on stringent terms and conditions of pretrial release and further requiring that the defendant seek an immediate examination of her condition. At the time of the preparation of this order defendant's counsel had provided to the court a note dated August 16, 2007 from Carolina Mountain Dermatology which states in regard to the

3

examination made of the defendant the following: "If swelling in legs is not treated on a regular basis may lead to blood clotting in lower extremities". This document appears to be signed by Jay L. Clarke, a physicians assistant.

Based upon the above referenced findings and the documentation presented by defendant's counsel of an examination made upon the defendant by a treating physician, the undersigned finds that there are terms and conditions of pretrial release stringent in nature which will protect the safety of any other person or the community and which would further allow for the treatment of the medical condition of the defendant to protect her health.

**ORDER**

WHEREFORE, it is **ORDERED** that the defendant be released on terms and conditions of pretrial release that has been previously entered in this matter.

Signed: August 20, 2007

Dennis L. Howell
United States Magistrate Judge